# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| CHARLES D. NELSON, <br> No. 99087476 | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | No. 3:17-cv-00792 <br> Judge Trauger |
| v. | ) <br> ) | |
| f/n/u BROWN, *et al.*, | ) <br> ) | |
| Defendants. | ) | |

# **M E M O R A N D U M**

Plaintiff Charles D. Nelson, a pre-trial detainee currently in the custody of the Wilson County Jail in Lebanon, Tennessee, filed this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against f/n/u Brown and f/n/u Morse, alleging that the defendants used excessive force against him in violation of his constitutional rights. (Docket No. 1).

The plaintiff's complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.   PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* §

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

II.     **Section 1983 Standard**

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983.  Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff

must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that, on "6:00 on a Monday," while the plaintiff was in the custody of the Wilson County Jail, the defendant deputies used excessive force against the plaintiff after he questioned why he was being singled out for tucking his pants into his socks during recreation time. (Docket No. 1, Attach. 1 at p. 1). Specifically, the complaint alleges that the defendants twisted the plaintiff's arm, defendant Brown used his taser on the plaintiff after the plaintiff's arms were already behind his back and the plaintiff was on the ground, and officer f/n/u Burte pushed the plaintiff's arms up in the air causing harm to the plaintiff. (*Id.* at pp. 1-2). The plaintiff alleges that he "wrote all this to the jail administrative explaining this to him [and] all he could say in the situation doesn't have anything to do with my hip and shoulder." (*Id.* at p. 2).

### IV. Analysis

The complaint alleges claims of excessive force against defendants Brown and Morse who appear to be deputies or officers employed by the Wilson County Jail. The plaintiff alleges that, at the time of the alleged events, he was a a pre-trial detainee. The legal status of a purported victim of excessive force is significant because the conduct of the offending officers must be analyzed under the standard appropriate to the applicable constitutional provision. *See Coley v. Lucas County, Ohio,* 799 F.3d 530, 538 (6th Cir. 2015)(citing *Kingsley v. Hendrickson*, ___ U.S. ___, ___ 135 S. Ct. at 2473 (2015)).

The Supreme Court has recently clarified that when assessing pretrial detainees' excessive

force claims we must inquire into whether the plaintiff shows "that the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2473 (2015)). The inquiry is highly fact-dependent and must take into account the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* It should also account for "the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,'" *id*., and defer when appropriate to "'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)). The Court further instructs:

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* This list is not exclusive. *Kingsley* also reaffirms that pretrial detainees cannot be subjected to "the use of excessive force that amounts to punishment," *id.* (quoting *Graham*, 490 U.S. at 395 n. 10, 109 S. Ct. 1865) precisely because they "cannot be punished at all," *id*. at 2475.

In light of this Fourteenth Amendment standard and the facts alleged in the complaint, plaintiff Nelson's excessive force claims against defendants Morse and Brown will proceed. <u>This is a preliminary finding only</u>. The court merely determines that the allegations of the complaint survive the required PLRA's screening as to these claims and defendants, and further factual development is warranted.

4

## V. Conclusion

As set forth above, the court finds that the complaint states colorable excessive force claims pursuant to § 1983 against defendants Morse and Brown.  28 U.S.C.  § 1915A.  These claims survive the required PLRA screening.

An appropriate order will be entered.

ENTER this 5th day of September 2017.

_____
Aleta A. Trauger
United States District Judge