UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES D. NELSON,

    Plaintiff,

v.

F/N/U BROWN, et al.,

    Defendants.

Case No. 3:17-cv-00792

Judge Eli J. Richardson
Magistrate Judge Newbern

## MEMORANDUM ORDER

Several motions are now pending in this pro se civil rights action. Defendants Craig Brown and Nathaniel Morse have filed a motion for summary judgment. (Doc. No. 25.) Pro se Plaintiff Charles D. Nelson has filed a motion to compel (Doc. No. 34), a motion to appoint counsel (Doc. No. 40), and a motion to include other defendants in this action (Doc. No. 41). For the reasons that follow, Defendants' motion for summary judgment (Doc. No. 25) will be ADMINISTRATIVELY TERMINATED WITHOUT PREJUDICE to refiling; Nelson's motion to compel (Doc. No. 34) will be FOUND MOOT IN PART AND DENIED IN PART; Nelson's motion to appoint counsel (Doc. No. 40) will be DENIED WITHOUT PREJUDICE; and Nelson's motion to add other defendants (Doc. No. 41) will be DENIED.

I.    **Factual and Procedural Background**

This action began on May 3, 2017, when Nelson filed a verified complaint under 42 U.S.C. § 1983 alleging that Brown and Morse used excessive force against him in violation of his constitutional rights as a pretrial detainee in the Wilson County Jail in Lebanon, Tennessee. (Doc. No. 1.) On September 5, 2017, the Court granted Nelson's application to proceed *in forma*

*pauperis* and reviewed the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, finding that Nelson had stated colorable claims for excessive force against Brown and Morse. (Doc. Nos. 5, 6.) The Court entered a scheduling order on October 31, 2017 (Doc. No. 11), and Defendants answered the complaint on November 2, 2017 (Doc. No. 12). On November 15, 2017, the Court received a motion from Nelson asking the Court to appoint counsel to represent him and to help him respond to Defendants' discovery requests. (Doc. No. 15, PageID# 57.) The Court denied Nelson's motion to appoint counsel without prejudice on June 13, 2018, explaining that there is no right to counsel in civil cases and that no extraordinary circumstances justified appointment of counsel at that early stage of the case. (Doc. No. 24, PageID# 84–85.)

On July 23, 2018, Defendants filed the pending motion for summary judgment, accompanied by a memorandum in support, a statement of undisputed material facts, and several declarations and exhibits. (Doc. Nos. 25–28.) The filed exhibits include two CDs purportedly containing video footage of the events in question, which Defendants provided to the Court and to Nelson. (Doc. Nos. 29–30.) Under the Court's scheduling order, Nelson had until August 20, 2018, to file a response to Defendants' motion for summary judgment. (Doc. No. 11.) Nelson did not do so.

On August 30, 2018, the Magistrate Judge ordered Nelson to show cause within fourteen days why judgment should not be entered in Defendants' favor for the reasons stated in their motion. (Doc. No. 31, PageID# 124.) The docket reflects that the Clerk's Office received a manual filing from Nelson on September 14, 2018, comprised of two CDs. On September 19, 2018, Defendants filed a reply in support of their motion for summary judgment. (Doc. No. 32.) Defendants explained that they had received a handwritten response to their statement of undisputed material facts from Nelson by mail on September 13, 2018, although that response had

not been filed. (*Id.* at PageID# 125.) Defendants attached Nelson's response to their reply (Doc. No. 32-1) and noted that the record did not appear to reflect any other written response by Nelson to this Court's order to show cause (Doc. No. 32, PageID# 125–26).

Also on September 19, 2018, the Court received a letter from Nelson stating that he "need[s] the video footage" from "the camera that was right above the steps" and other cameras because he believes the footage would support his version of the events central to Defendants' motion—specifically, that he was not resisting when Morse twisted his arm behind his back and that he was already handcuffed and not resisting when Brown used a taser on him. (Doc. No. 33, PageID# 135.) Nelson stated that the camera footage was "the only proof [he had] to show what happen[e]d . . . [.]" (*Id.* at PageID# 136.) Nelson also stated that he "need[s] to get Doctor Matthews record[]s [be]cause [h]e gave me . . . shot[]s in my lower [b]ack for the pain . . . ." (*Id.* at PageID# 135.)

On October 15, 2018, the Court received Nelson's motion to compel, asking for footage from "all camera[]s from the [d]ate of 3-20-17 at 6:12 PM plus the [p]hone recorder that ha[s] . . . footage on it of the s[c]en[e] of what happened." (Doc. No. 34, PageID# 139.) Nelson's motion also requests "all of D[r]. Matthew's [d]ocument[]s [f]rom March to Oct[ober]." (*Id.*) Defendants opposed Nelson's motion, arguing that they had already "produced all available videos and/or recordings depicting the subject incident" as exhibits to their motion for summary judgment and that Nelson is therefore "already in possession of, or has the means to possess, the information which he seeks." (Doc. No. 35, PageID# 142.) To the extent Nelson seeks to compel production of other evidence, Defendants argue that the motion is untimely because, under the Court's scheduling order, discovery closed on May 7, 2018, and the deadline for discovery-related motions was May 21, 2018. (*Id.* (citing Doc. No. 11).)

3

On January 3, 2019, Nelson filed a renewed motion requesting that the Court appoint counsel to represent him in this action (Doc. No. 40) and a motion asking the Court to add several new defendants to this action, including Wilson County Sheriff Robert Bryant, Wilson County Mayor Randall Hutto, Wilson County Commissioner Annette Stanford, other unnamed county commissioners, and the Wilson County Jail Administration (Doc. No. 41). Nelson's second motion does not include any factual allegations against these proposed new defendants, and Nelson did not attach a proposed amended complaint to his motion.

**II.     Analysis**

    **A.     Defendants' Motion for Summary Judgment**

In the process of reviewing Defendants' motion for summary judgment and supporting evidence, the Court unearthed for the first time a handwritten letter from Nelson dated September 10, 2018, that was received in the Clerk's Office on September 14, 2018. The letter accompanied the CDs Nelson sent to the Court and appears to be a response to the Court's August 30, 2018 order to show cause. Due to an administrative error, the letter was not entered in the docket. In it, Nelson states that he has not responded to the motion for summary judgment because, although Defendants sent him copies of the CDs filed with their motion, "one of the [d]isk[s] was [b]roke[n] [a]nd the other won[']t play in the com[]puter" at the Northeast Correctional Complex where Nelson is incarcerated. Nelson explains that he answered "these question[s] the [b]est way [he] could," presumably referring to his handwritten responses to defendants' statement of undisputed material facts despite not being able to review the video footage.

The Court has also encountered technical difficulty viewing the video footage on the provided CDs, even with the assistance of its information technology department. And the Court

4

finds that one of the CDs Nelson has forwarded is, indeed, badly cracked. Defendants concede "that the Court needs to review the video to consider Defendants' Motion for Summary Judgment." (Doc. No. 29, PageID# 120.) The same must be true for Nelson to adequately respond to Defendants' motion. *See, e.g.*, Fed. R. Civ. P. 56(d) (providing procedural mechanisms for a nonmovant who "cannot present facts essential to justify its opposition" to a motion for summary judgment).

Nelson's recently discovered letter demonstrates that he made a good faith attempt to comply with the Court's order to show cause and to notify the Court that the CDs he received from Defendants were defective. The Court therefore finds that, because of technical issues and administrative error, Nelson has not had a full and fair opportunity to respond to Defendants' motion for summary judgment. The interests of justice require the Court to provide Nelson with that opportunity. Moreover, as Defendants concede, the Court must review the video footage to determine whether summary judgment is appropriate in this case. The Court will therefore instruct the Clerk's Office to administratively terminate the pending motion for summary judgment without prejudice to refiling by Defendants with properly formatted and readily readable copies of the supporting video and audio evidence.

  **B. Nelson's Motion to Compel**

Nelson's motion to compel seeks the video footage and audio recordings discussed above, as well as previously unaddressed medical evidence. (Doc. No. 34.) To the extent Nelson requests accessible copies of the video and audio information, his motion will be found moot. To the extent Nelson's motion requests new evidence, however, that request is untimely. The deadline to complete discovery under the scheduling order was May 7, 2018 (Doc. No. 11, PageID# 47), and "[a]ll motions seeking to compel another party to answer discovery" were due by May 21, 2018

(*id.* at PageID# 48). Granting Nelson's request to compel production of new documents would therefore require the Court to modify the scheduling order, which requires a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Nelson has not argued that good cause exists for his failure to request production of "D[r]. Matthew's [d]ocuments" prior to the close of discovery and the record does not otherwise offer facts from which the Court could infer that such good cause exists.

### C. Nelson's Motion to Appoint Counsel

The Court explained when it denied Nelson's first motion to appoint counsel that, in civil actions, unlike criminal proceedings, there is no constitutional right to counsel. (Doc. No. 24, PageID# 84.) District courts have discretion to request that an attorney serve as counsel for an indigent and unrepresented party, but there must be exceptional circumstances justifying such an appointment. *See Lavado v. Keohane*, 992 F.2d 601, 605–606 (6th Cir. 1993); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). To determine whether exceptional circumstances exist, "a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018).

Nelson argues that a lawyer could better manage case deadlines and represent his interests in this action than he has been able to do. (Doc. No. 40, PageID# 151.) He also argues that it is unfair that Defendants have counsel while he is incarcerated, untrained in law, and unrepresented. (*Id.*) The Court is mindful of the burdens that pro se litigants face, but Nelson's imprisonment and limited knowledge of the law are circumstances common to many pro se civil plaintiffs, most of whom do not receive appointed counsel. Nelson has shown by his pleadings and motions filed to date that he can comply with the Court's orders and communicate effectively with the Court. (Doc.

6

Nos. 1–4, 7, 15, 18–21, 23, 33–34, 36, 40–41.) At this stage in the proceedings, and considering Nelson's demonstrated ability to represent himself, the Court finds no exceptional circumstances to warrant the appointment of counsel. If circumstances in this case change—for example, if his claims survive a motion for summary judgment—Nelson may raise the issue of appointed counsel again.

        **D.**        **Nelson's Motion to Add Defendants to This Action**

The Court construes Nelson's motion to add defendants to this action (Doc. No. 41) as a motion to amend his complaint. Under the Court's scheduling order, the deadline for filing a motion to amend was January 8, 2018. (Doc. No. 11, PageID# 47.) Nelson filed the motion to add defendants on January 3, 2019, nearly a year after the deadline had passed. (Doc. No. 41.)

Nelson's motion therefore implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16. Rule 15(a)(2) typically requires a court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a different standard applies when a request for leave to amend would require a court to modify its Rule 16 scheduling order. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). In that circumstance, a party seeking to amend must first show that good cause exists to modify the scheduling order. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *Leary*, 349 F.3d at 909 ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."). Rule 16's "good cause" requirement is only satisfied where the movant shows "that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014). This requirement "is designed to ensure that 'at some point

both the parties and the pleadings will be fixed.'" *Leary*, 349 F.3d 906 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

Nelson has not shown good cause here. His motion to amend provides no explanation for his failure to seek leave to name Sheriff Bryant, Mayor Hutto, Commissioner Stanford, and others as defendants before the scheduling order's January 8, 2018 deadline. This action has been pending since May 3, 2017. Discovery has closed, and the parties are in the process of litigating summary judgment. It therefore appears that adding new defendants, and potentially new claims, at this stage would be prejudicial to defendants. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 626 (6th Cir. 2002) (distinguishing "request to amend [that] was a prompt effort to remedy pleading deficiencies" from "an effort to add new claims or parties" for purposes of determining prejudice).

**III.     Conclusion**

For these reasons, the Clerk's Office is DIRECTED to ADMINISTRATIVELY TERMINATE WITHOUT PREJUDICE Defendants' motion for summary judgment (Doc. No. 25). Defendants may refile their motion for summary judgment and supporting evidence by April 9, 2019. All video files shall be in an Audio Video Interleave file (.avi) or Windows Media Video file (.wmv) format. All audio files shall be in a Wave file (.wav) or MPEG Layer-3 file (.mp3) format. The files shall be sent to Nelson and the Court on CD, DVD, or a flash drive. Nelson will have 28 days from the service of Defendants' refiled motion to file a response in opposition. Any response must comply with this Court's Local Rule 56.01 by citing specific record evidence for each disputed fact. Defendants will have 14 days from the date of service of any response to file a reply, limited to five pages.

Nelson's motion to compel (Doc. No. 34) is FOUND MOOT IN PART AND DENIED IN PART. Nelson's motion to appoint counsel (Doc. No. 40) is DENIED WITHOUT PREJUDICE

8

to being refiled, if necessary, later in the case. Nelson's motion to add other defendants to this cause of action (Doc. No. 41) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge