UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CHARLES D. NELSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | NO. 3:17-cv-00792 |
| v. | ) |  |
|  | ) | JUDGE RICHARDSON |
| F/N/U BROWN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Report and Recommendation ("R&R") (Doc. No. 57) issued by Magistrate Judge Alistair Newbern, recommending that the Court grant Officer Nathaniel Morse and Lieutenant Craig Brown's Motion for Summary Judgment (Doc. No. 44). Plaintiff has filed timely objections to the R&R. (Doc. No. 58).

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging Morse and Brown used excessive force against him in violation of his constitutional rights when they handcuffed him and shocked him with a taser in March 2017, while Plaintiff was incarcerated at Wilson County Jail in Lebanon, Tennessee. (Doc. No. 1). The Magistrate Judge found that Morse and Brown were entitled to qualified immunity because no reasonable jury could find that Morse or Brown's use of force was objectively unreasonable in violation of Plaintiff's constitutional rights. (Doc. No. 57 at 13-14). The Magistrate Judge explained that "Sixth Circuit precedent establishes that tasering a detainee who 'actively resists' and 'refuses to be handcuffed' is not objectively unreasonable." (*Id*. at 14 (quoting *Kent v. Oakland Cty.*, 810 F.3d 384, 396 (6th Cir. 2016)) (internal quotation marks omitted). Accordingly, finding that there was no genuine dispute

of fact, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted. (*Id*.).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id*. at 151.

Plaintiff filed his objections that state in full:

> I object on the defendants facts because if the courts zoom in on these footages you can see that I got down on my hands and neads [sic] right befor[e] the other officers came in when I seen them at the door waiting to come in I got face down and put my hands behind my back. And soon as I did this Morse grab[b]ed my left arm and took my right risk [sic] to put the cuff on my right risk [sic] then he took his right leg and started neaing [sic] me in my left side then that's when I felt the taser. So the Courts need to go back and zoom in as close as they can and play the video in slow motion you'll be able to see that I was in hand cuffed [sic] befor[e] L.t. Brown shocked me with the taser because the video's [sic] I have you can clearly see that I was hand cuffed befor[e] I was tased. And those are true fact's [sic]. Now page 2, 3, are stating that I was following order's then all of a sudden I was acting a fool no way there getting away with this I got an herneia [sic] in my lower stomach which grew from being tased then when I got tased in my lower back I was hit where my kidneys are and that caused me to piss on myself when I drink too much liquid here's a medical release form all ready signed for ya'll to get the records because I take [medication] for it. So the video footage I have you can see what happens.

(Doc. No. 58). The Magistrate Judge described the video footage as follows:

2

Morse and Brown filed two videos that capture some of these events, although neither video includes audio. (Doc. No. 44-5.) The first video was taken by a camera located behind the stairs on one end of the first floor of a large, two-story room in the Wilson County Jail. It shows two officers, presumably Morse and Estes, standing near a table where a few men in bright orange uniforms are sitting. Morse and Estes are dressed in dark shirts and khaki-colored pants. One man in an orange uniform, presumably Nelson, stands and walks toward the camera and Morse and Estes follow him. When they reach the foot of the stairs, all three men disappear from the camera's view. About 45 seconds later, the video shows either Morse's or Estes's leg—identifiable by the khaki pants—moving erratically on the ground near the foot of the stairs as though a struggle is taking place. Twenty seconds after that, a door to the left of the camera opens and eight officers enter the scene and move toward the foot of the stairs. Three officers remain in the camera's view, watching what is happening at the foot of the stairs. The other five officers who entered, presumably including Brown, disappear from the camera's view. About 30 seconds after the officers enter, Nelson comes back into view standing between two officers with his hands cuffed behind him. One officer holds each of Nelson's arms, and Nelson and all of the officers move toward the door.

The second video was taken by a camera located on the second floor and at the opposite end of the room. It shows the area at the foot of the stairs from a distance. In this video, Nelson rises from the table and walks away from the camera and toward the stairs, followed by Morse and Estes. Nelson climbs halfway up the stairs, then stops. Morse and Estes stand near him and the three men remain still for about ten seconds. Then Nelson walks back down the stairs and stops near the base of the stairs. Morse and Estes again follow him. There are about eleven other men in orange uniforms in the room, and most appear to be watching Nelson, Morse, and Estes. Nelson moves toward the wall at the base of the stairs and disappears from the camera's view behind what appears to be a guard station. Morse and Estes stand behind him with their arms and hands not in view. About fifteen seconds later, Morse, Estes, and Nelson tumble to the ground in front of the stairs. The footage is blurry, but it is clear that the three men are struggling. It appears that Nelson tries to stand up and is pulled back down. Morse and Estes appear to be on top of Nelson less than 30 seconds later when the first of the eight arriving officers reaches the foot of the stairs. Four officers then surround Morse, Estes, and Nelson, but the camera is too far away, the footage too blurry, and the view too obstructed to tell what is happening inside the cluster of officers. Eventually, the officers on the ground stand and move away from the camera and toward the door with Nelson.

(Doc. No. 57 at 2-5).

The Court first addresses Plaintiff's objection, which is essentially (1) an assertion that if the Court scrutinizes the videos as best as it possibly can, it will see that the videos reveal circumstances (including Plaintiff's hands being handcuffed behind his back before being tasered)

3

that support Plaintiff's claim; and (2) an assertion that he suffered injury (a hernia) as result of being tasered. The objection is overruled in the latter respect, because Plaintiff has not identified, and the Court see no evidence in the record, that Plaintiff suffered a hernia as a result of being tasered.

With regard to the former aspect of Plaintiff's objection, the Court first notes that, consistent with Plaintiff's wishes, it has indeed looked as carefully as it can at the videos.[1] But Plaintiff's objection is overruled because even with such scrutiny, the videos do not show what Plaintiff claims they show.[2] The Court has conducted a *de novo* review of both videos and concurs with the Magistrate Judge's conclusion that it is inconclusive whether Plaintiff's hands were handcuffed at the time he was tasered. However, there does appear to be a continuing struggle, which supports Morse and Brown's accounts of what happened. As the Magistrate Judge points out, Plaintiff has not submitted any additional evidence to oppose what Morse and Brown have filed.[3] Accordingly, the Court agrees with the Magistrate Judge that Morse and Brown are entitled to qualified immunity because based on the record evidence (viewed most favorably to Plaintiff as required), no reasonable jury could find that Morse or Brown's use of force was objectively unreasonable in violation of Plaintiff's constitutional rights. (Doc. No. 57 at 13-14).

Still less could a reasonable jury find, as required to defeat qualified immunity, that Morse or Brown's use of force was in violation of Plaintiff's *clearly established* constitutional rights, *i.e.*,

---

[1] The Court has no doubt that the Magistrate Judge did likewise.

[2] As is so often the case with video evidence, it is possible here that if the angle or zooming of the cameras were different, they would have revealed something additional beyond what the available video footage shows. But, as always, the Court must work with the evidence it has, not the evidence it theoretically could have had but does not have.

[3] For their part, Morse and Brown submitted, among other things, an additional video (Doc. No. 44-6) reflecting Plaintiff in the custody of several officers, taken some time after the two other videos. The Magistrate Judge accurately described this video, (Doc. No. 57 at 5), and it fails to support Plaintiff's claims in any way.

4

find that "'every reasonable official would have understood that what [Morse or Brown] is doing violates that right.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). That is to say, even if the evidence in this case did support a colorable argument that Morse or Brown violated Plaintiff's constitutional rights, the evidence completely fails to show conduct that *every reasonable official* would have understood violated Plaintiff's constitutional rights. Thus, Plaintiff's objection is overruled.

The Court has reviewed the R&R, and the file. For the aforementioned reasons, the Court **ADOPTS** and **APPROVES** the R&R (Doc. No. 57).[4] Defendants' Motion for Summary Judgment (Doc. No. 44) is hereby **GRANTED**. The Clerk is directed to close this file. This Order shall constitute the judgment in this case for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[4] Among other things, the Court adopts the R&R's recitation of the applicable law in this area, and it has applied such law in light of the evidence in this case.